James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

David R. Seligman, P.C. (*pro hac vice* pending)
Ryan Blaine Bennett (*pro hac vice* pending)
Paul Wierbicki (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| JAPAN AIRLINES CORPORATION, et al., | ) | Case No. 10-10198 |
| Debtors in a Foreign Proceeding | ) | |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| JAPAN AIRLINES INTERNATIONAL CO., | ) | Case No. 10-10199 |
| LTD., et al., Debtors in a Foreign Proceeding | ) | |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| JAL CAPITAL CO., LTD., et al., | ) | Case No. 10-10200 |
| Debtors in a Foreign Proceeding | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION PURSUANT TO FED. R. BANKR. P. 1015(B)
FOR ORDER DIRECTING JOINT ADMINISTRATION
OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Eiji Katayama (the "Foreign Representative"), the foreign representative of the above-captioned debtors (collectively, the "Debtors"), whose reorganization proceedings under Japanese law currently are pending before the Tokyo District Court, Civil Department No. 8 (the "Japan Proceeding") respectfully submits this motion (this "Motion") requesting the joint administration of the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support thereof, the Foreign Representative respectfully represents as follows:[1]

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).

3. The statutory bases for relief are section 101(2) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 1015(b).

### Background

4. In operation since 1951, the Debtors and their non-debtor affiliates are one of the world's largest air carriers, providing air transportation, cargo, and other transportation related-services to millions of customers around the world. During 2009, the Debtors provided international passenger service to approximately 11 million passengers and domestic passenger service to approximately 41 million passengers. The Debtors and their affiliates also are a member of the Oneworld global alliance in which it participates with other member airlines in

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of Naho Ebata Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure* (the "Ebata Declaration"), filed contemporaneously herewith and incorporated by reference herein.

issuing tickets, code-share flights, mileage programs and other similar services. The Debtors and their non-debtor affiliates employ approximately 50,000 employees, approximately 92% of which are union-represented under eight separate collective bargaining agreements.

5. The Debtors' domestic passenger business is the largest in Japan, operating approximately 930 flights daily from over 60 airports. The Debtors also have a strong international presence, including hubs in London, Beijing, New York, Los Angeles and Hong Kong. The Debtors' international passenger business maintains a network serving 159 cities in 34 countries with approximately 4,000 flights weekly on 258 routes. The Debtors' air freight business also is substantial, having carried approximately 13.948 billion ton-kilometers on international routes and 5.854 billion ton-kilometers on domestic routes in 2009 alone.

6. Although the Debtors' airline scheduled passenger business is their chief source of revenue, the Debtors also derive income from certain ancillary sources, including: (a) transportation of air freight on certain domestic and international routes; (b) leasing of aircraft and aircraft accessories; (c) fuel sales to other air carriers; and (d) sales of transport equipment, travel goods, food and beverages and other similar goods.

7. As set forth in the *Verified Petition For Recognition and Chapter 15 Relief* (the "Petition") dated as of the date hereof (the "Petition Date") and the accompanying declaration in support of the Petition, since early this year, the Debtors have been in discussions with their major lender groups and the Enterprise Turnaround Initiative Corporation of Japan ("ETIC"), a public-private fund established to help revive troubled Japanese firms with state-guaranteed loans, regarding a comprehensive restructuring of the Debtors' debt obligations.

8. To effectuate this restructuring, the Debtors voluntarily entered into a proceeding under the Corporate Reorganization Law of Japan (*Kaisha Kosei Ho*). The Debtors have

3

obtained support from ETIC and the Development Bank of Japan for the establishment of a commitment line in the amount of $6 billion as operating capital.

9.  To protect the Debtors' U.S. assets, the Foreign Representative has filed the Petition contemporaneously herewith, seeking recognition of his status as the Debtors' foreign representative, as defined in section 101(24) of the Bankruptcy Code, and recognition of the Japan Proceeding as a "foreign main proceeding" under section 1515 of the Bankruptcy Code.

## Relief Requested

10.  By this Motion, pursuant to Bankruptcy Rule 1015(b), the Foreign Representative seeks the entry of an order in the form attached hereto as Exhibit A, directing joint administration of the Chapter 15 Cases for procedural purposes only.

11.  Accordingly, the Foreign Representative respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect the joint administration of these cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| JAPAN AIRLINES CORPORATION, et al., Debtors in a Foreign Proceeding[2] | ) ) ) ) | Case No. 10-10198 |
| Debtors. | ) ) | Jointly Administered |

---

[2] The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn: Legal Department.

4

K&E 16184707.3

12. The Foreign Representative also seeks this Court's direction that the following notation be entered on the docket in each of the Chapter 15 Cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Japan Airlines International Co., Ltd.; Japan Airlines Corporation; and JAL Capital Co., Ltd. The docket in Case No. 10-10198 should be consulted for all matters affecting this case.

**Basis for Relief**

13. Bankruptcy Rule 1015(b) provides that if two (2) or more petitions for relief are pending in the same court by or against a debtor and its affiliate, this Court may order joint administration of the cases. See FED. R. BANK. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2).

14. As set forth in the Ebata Declaration, joint administration will be an administrative convenience for this Court, the court clerk's office and parties in interest. Entry of an order directing joint administration of the Chapter 15 Cases will avoid duplicative notices, applications and orders, thereby saving the Debtors, the Foreign Representative and all other parties in interest considerable time and expense. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the Chapter 15 Cases. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.

15. Courts in this jurisdiction and others have approved relief similar to that requested herein in other chapter 15 cases. Indeed, the entry of joint administration orders is common and generally uncontroversial in chapter 15 cases commenced in this and other districts. See, e.g., In re Baronet U.S.A., Inc., Case No. 07-13821 (JMP) (Bankr. S.D.N.Y. Dec. 4, 2007) [Docket No. 7]; In re MuscleTech Research & Development Inc., Case No. 06-10092 (JMP)

5

(Bankr. S.D.N.Y. Jan. 19, 2006) [Docket No. 6]; In re Evergreen Gaming Corp., Case No. 09-13567 (SJS) (Bankr. W.D. Wash. Apr. 16, 2009) [Docket No. 21]; In re Grand Prix Associates, Inc., Case No. 09-16545 (DHS) (Bankr. D.N.J. Mar. 19, 2009) [Docket No. 5]; In re Biltrite Rubber (1984) Inc., Case No. 09-31423 (MAW) (Bankr. N.D. Ohio Mar. 12, 2009) [Docket No. 10]; In re Nortel Networks Corp., Case No. 09-10164 (KG) (Bankr. D. Del. Jan. 15, 2009) [Docket No. 15].

16. The Debtors submit the joint administration of the Chapter 15 Cases is in the best interests of the Debtors, their creditors and all other parties in interest and that no conflict of interest will arise as a result of joint administration.

17. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' Chapter 15 Cases.

**Satisfaction of Local Bankruptcy Rule 9013-1(a)**

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

**Notice**

19. The Foreign Representative has provided notice of this Motion to: (a) the Office of the United States Trustee: (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice, Southern District of New York; (g) the indenture trustees for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' ADRs; (i) the administrative agents for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport

authorities at which the Debtors have operations; and (l) all other parties against whom the Debtors are seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code. In light of the relief requested, the Foreign Representative submits that no further notice is necessary.

## **No Prior Request**

20. No previous request for the relief requested herein has been made to this or any other court.

K&E 16184707.3

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) directing joint administration of the Chapter 15 Cases and (b) granting such other and further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  January 19, 2010 | */s/ David R. Seligman*<br>James H.M. Sprayregen, P.C,<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>    - and -<br><br>David R. Seligman, P.C. (*pro hac vice* pending)<br>Ryan Blaine Bennett (*pro hac vice* pending)<br>Paul Wierbicki (*pro hac vice* pending)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>Counsel to the Foreign Representative |

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 15 |
|  | ) |  |
| JAPAN AIRLINES CORPORATION, et al., | ) | Case No. 10-10198 |
| Debtors in a Foreign Proceeding[1] | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 15 |
|  | ) |  |
| JAPAN AIRLINES INTERNATIONAL CO., | ) | Case No. 10-10199 |
| LTD., et al., Debtors in a Foreign Proceeding | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Chapter 15 |
|  | ) |  |
| JAL CAPITAL CO., LTD., et al., | ) | Case No. 10-10200 |
| Debtors in a Foreign Proceeding | ) |  |
|  | ) |  |
| Debtor. | ) |  |

**ORDER DIRECTING JOINT ADMINISTRATION OF
CHAPTER 15 CASES PURSUANT TO FED. R. BANKR. P. 1015(B)**

Upon the motion (the "Motion")[2] of the Foreign Representative of the above-captioned debtors (collectively, the "Debtors") seeking the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the joint administration of the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases") for procedural purposes only and upon the Ebata Declaration; this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and

---

[1] The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn: Legal Department.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

11 U.S.C. §§ 109 and 1501; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); adequate and sufficient notice of the filing of the Motion having been given by Foreign Representative; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Chapter 15 Cases be, and they hereby are, consolidated pursuant to Bankruptcy Rule 1015(b), for procedural purposes only and shall be jointly administered by this Court under Case No. 10-_____.

3. The caption of each of the Chapter 15 Cases shall be modified to reflect the joint administration of these cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| JAPAN AIRLINES CORPORATION, et al., | ) | Case No. 10-10198 |
| Debtors in a Foreign Proceeding[3] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[3] The Debtors in these chapter 15 cases include: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn: Legal Department.

4. A docket entry shall be made in each of the above captioned Chapter 15 Cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Japan Airlines International Co., Ltd.; Japan Airlines Corporation; and JAL Capital Co., Ltd. The docket in Case No. 10-10198 should be consulted for all matters affecting this case.

5. If the Chapter 15 Cases were initially assigned to different judges, the Chapter 15 Cases shall be transferred to the Judge to whom the lowest numbered case was assigned.

6. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

7. Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 15 Cases.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the clerk of this Court is hereby directed to enter this Order on the docket in each Debtor's chapter 15 case.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2010

                                              United States Bankruptcy Judge