James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

  - and -

David R. Seligman, P.C. (*pro hac vice* pending)
Ryan Blaine Bennett (*pro hac vice* pending)
Paul Wierbicki (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| JAPAN AIRLINES CORPORATION, et al., | ) Case No. 10-[_____] |
| Debtors in a Foreign Proceeding[1] | ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## *EX PARTE* APPLICATION FOR ORDER (A) GRANTING
## PROVISIONAL RELIEF AND INJUNCTION AND (B) SCHEDULING HEARING

Eiji    Katayama,    in    his    capacity    as    the    foreign    representative

(the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"),

whose reorganization proceedings under Japanese insolvency law currently are pending before

the Tokyo District Court, Civil Department No. 8 (the "Japan Proceeding"), respectfully submits

---

[1]    The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn: Legal Department.

this application (the "Application"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), seeking:

    a.    immediate entry of an order to show cause with a temporary restraining order;

    b.    after ten (10) days' notice and a hearing on the Application (but only to the extent unresolved objections exist), a preliminary injunction order pending this Court's entry of an order recognizing the Japan Proceeding as a "foreign main proceeding";

    c.    scheduling of a hearing on the Application; and

    d.    such other relief as may be just and proper.[2]

## Preliminary Statement

1.    The Debtors have commenced the Japan Proceeding to effectuate a comprehensive balance sheet restructuring that will reposition the Debtors to return to profitability, much in the way that countless United States air carriers have utilized chapter 11 to improve operating performance.[3]  In contrast to a typical in-court restructuring under chapter 11, however, the automatic stay of section 362 of the Bankruptcy Code will not apply to the Debtors' assets immediately upon the commencement of the Chapter 15 Cases, but only once the Foreign Representative's chapter 15 petition is granted.  In addition, while the Foreign Representative has been given full authority by the Tokyo District Court in the Japan Proceeding to administer the Debtors' assets, the Foreign Representative's right to

---

[2]    In support of the Application, the Foreign Representative has filed contemporaneously herewith the *Declaration of Atsuro Nishi in Support of the Ex Parte Application for Order (A) Granting Provisional Relief and Injunction and (B) Scheduling Hearing* (the "Nishi Declaration"), which is specifically in support of the Application.  In addition, the Foreign Representative also has filed contemporaneously herewith the *Declaration of Eiji Katayama in Support of the Verified Petition for Recognition and Chapter 15 Relief* (the "Katayama Declaration"), which is incorporated herein by reference.

[3]    See, e.g., In re UAL Corp, Case No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002), In re Delta Air Lines, Inc., Case No. 05-17923 (CGM) (Bankr. S.D.N.Y. Sept. 14, 2005), In re Northwest Airlines Corp., Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005); see also In re Alitalia Linee Aeree Italiane S.p.A., Case No. 08-14321 (BRL) (Bankr. S.D.N.Y. Nov. 3, 2008).

K&E 16165261.17

administer the Debtors' assets in the United States prior to formal recognition of the Japan Proceeding as a "foreign main proceeding" is uncertain.

2.     Thus, the Foreign Representative now seeks certain provisional relief between the date hereof and this Court's entry of the Foreign Representative's proposed order recognizing the Japan Proceeding, and requests, among other things, that this Court immediately order the application of sections 361 and 362 of the Bankruptcy Code to these cases and authorize the Foreign Representative to administer the Debtors' assets in the United States. Critically, the Debtors' situation is not any different from that of the many other U.S. airline debtors that have sought relief under chapter 11, other than the fact that those airlines automatically enjoyed the breathing room permitted by section 362 of the Bankruptcy Code. The Debtors have significant United States assets exposed to potentially adverse action by certain key creditors, business partners and other parties located in the United States. Consequently, to prevent the detrimental impact that such action could have on their businesses and to facilitate an expeditious restructuring in the Japan Proceeding, the Debtors require certain provisional protection generally afforded to debtors in chapter 15 recognition proceedings.

3.     Absent the relief requested herein, the Debtors could experience disruption to their restructuring and operations. The seizure of even one aircraft, for example, could disrupt the Debtors' global operations and potentially trigger or encourage subsequent exercise of remedies by other adverse parties. Clearly, such actions would disrupt the Debtors' restructuring in the Japan Proceeding. Chapter 15 of the Bankruptcy Code is intended to prevent precisely these negative effects on a foreign debtor's operations and to compliment and facilitate corporate rehabilitations in a foreign debtor's home country. Therefore, and for reasons further described herein and in the Nishi Declaration, the Foreign Representative respectfully submits that

3

provisional relief is urgently needed to protect the Debtors' United States assets and to aid the Debtors' global restructuring.

## Jurisdiction

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

5.      This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Japan Proceeding under section 1515 of the Bankruptcy Code.

6.      Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).

7.      The statutory bases for relief are sections 105(a), 1504, 1515, 1517, 1519, 1520 and 1521 of the Bankruptcy Code.

## Background

8.      In operation since 1951, Japan Airlines Corporation, a Debtor and parent of the other Debtors in these chapter 15 cases (collectively, the "Chapter 15 Cases") is one of the world's largest air carriers, providing air transportation, cargo, and other transportation related-services to millions of customers around the world.   During 2009, the Debtors provided international passenger service to approximately 11 million passengers and domestic passenger service to approximately 41 million passengers.   The Debtors and their affiliates also are a member of the Oneworld global alliance in which they participate with other member airlines in issuing tickets, code-share flights, mileage programs and other similar services.   The Debtors and their non-debtor affiliates employ approximately 50,000 employees, approximately 92% of which are union-represented under eight separate collective bargaining agreements.

9.      The Debtors' domestic passenger business is the largest in Japan, operating approximately 930 flights daily from over 60 airports.   The Debtors also have a strong

4

international presence, including hubs in London, Beijing, New York, Los Angeles and Hong Kong. The Debtors' international passenger business maintains a network serving 159 cities in 34 countries with approximately 4,000 flights weekly on 258 routes. The Debtors' air freight business also is substantial, having carried approximately 13.948 billion ton-kilometers on international routes and 5.854 billion ton-kilometers on domestic routes in 2009 alone.

10.     Although the Debtors' airline scheduled passenger business is their chief source of revenue, the Debtors also derive income from certain ancillary sources, including: (a) transportation of air freight on certain domestic and international routes; (b) leasing of aircraft and aircraft accessories; (c) fuel sales to other air carriers; and (d) sales of transport equipment, travel goods, food and beverages and other similar goods.

11.     As set forth in the *Verified Petition For Recognition and Chapter 15 Relief* (the "Petition") dated as of the date hereof (the "Petition Date") and the accompanying Katayama Declaration, the Debtors have been in discussions with their major lender groups and the Enterprise Turnaround Initiative Corporation of Japan ("ETIC"), a public-private fund established to help revive troubled Japanese firms with state-guaranteed loans, regarding a comprehensive restructuring of the Debtors' debt obligations.

12.     To effectuate this restructuring, the Debtors voluntarily entered into a proceeding under the Corporate Reorganization Law of Japan (*Kaisha Kosei Ho*) (the "JRA"). The Debtors obtained support from ETIC and the Development Bank of Japan for the establishment of a postpetition commitment line in the amount of $5 billion as operating capital.

13.     To protect the Debtors' United States assets, the Foreign Representative has filed the Petition contemporaneously herewith, seeking recognition of his status as the Debtors' foreign representative, as defined in section 101(24) of the Bankruptcy Code, and recognition of

5

the Japan Proceeding as a "foreign main proceeding" under section 1515 of the Bankruptcy Code.

14.     The Application seeks comparable protection, on a provisional basis, with respect to potential creditor actions and interference with property located in the United States.

15.     As described more fully in the Nishi Declaration, although the Debtors' primary assets are located in Japan, the Debtors also own assets in the United States that are critical to their ongoing operations.  In addition, because the Debtors provide a substantial amount of passenger service to the United States, at any given time, a number of the Debtors' aircraft, replacement parts and equipment will be located in the United States, and thus, potentially subject to adverse actions by creditors and other parties in interest.

<strong><u>Relief Requested</u></strong>

16.     By the Application, the Foreign Representative respectfully requests that this Court, pursuant to sections 105(a) and 1519(a) of the Bankruptcy Code, enter:  (a) immediately an order to show cause with a temporary restraining order, substantially in the form attached hereto as <u>Exhibit A</u>, ordering the application of sections 361 and 362 of the Bankruptcy Code to the Chapter 15 Cases; and (b) after ten (10) days' notice and a hearing on the Application (to the extent unresolved objections exist), a preliminary injunction order pending this Court's entry of an order recognizing the Japan Proceeding as "foreign main proceedings," substantially in the form attached hereto as <u>Exhibit B</u>.  In addition, the Foreign Representative requests a hearing (to the extent unresolved objections exist) on entry of the preliminary injunction order within ten (10) days of the Petition Date.  The Foreign Representative requests that such temporary restraining order and preliminary injunction shall:

a.      establish the Foreign Representative as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' obligations;

b.      order that the protections of sections 361 and 362 of the Bankruptcy Code apply to the Debtors and their assets in the United States;

c.      enjoin all persons and entities from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

d.      enjoin all persons and entities from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

e.      entrust the administration and realization of all of the Debtors' assets in the United States to the Foreign Representative, including all of the Debtors' assets located in the United States or which may have been transferred to third parties in the United States; and

f.      provide that the Foreign Representative is authorized to examine witnesses, take evidence and deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

**Basis for Relief**

17.     Upon this Court's final recognition of the Japan Proceeding as a "foreign main proceeding," the automatic stay provided by section 362 of the Bankruptcy Code will immediately and without exception apply with respect to all property of the Debtors that is within the territorial jurisdiction of the United States.  See 11 U.S.C. § 1520(a)(1).  However, unlike in a typical corporate reorganization case under chapter 11 of the Bankruptcy Code, the automatic stay will not protect the Debtors' assets or businesses in the United States during the

7

period between the Petition Date and the date on which this Court enters the order recognizing the Japan Proceeding.

18.     Thus, the Foreign Representative is seeking, pursuant to section 1519(a) of the Bankruptcy Code, the immediate entry an order to show cause with a temporary restraining order, as well as entry of a preliminary injunction after a hearing on the Application to preserve the Debtors' United States assets during such interim period.

## I.     The Debtors Urgently Need Relief Under Section 1519(a) to Protect the Debtors' Assets in the United States

19.     Section 1519(a)(a) of the Bankruptcy Code conditions provisional application of a stay on such relief being "urgently needed" to protect the Debtors' assets.  <u>See</u> 11 U.S.C. § 1519(a).  The Foreign Representative submits that the Debtors, operators of a global airline enterprise with significant assets and creditors in the United States, urgently require protection of their United States assets and a stay against pending and potential proceedings to facilitate their restructuring in Japan.  The uncertainty and fear of disruption to their global operations that could be brought about absent such relief otherwise may threaten to disrupt operations and undermine the success of the Japan Proceeding.

20.     The relief offered by section 1519(a) of the Bankruptcy Code is particularly important for foreign debtors in vulnerable industries such as the airline industry.  Airlines, such as the one operated by the Debtors, are particularly sensitive to disruptions to operations caused by creditors or other parties in interest taking (or, indeed, even threatening to take) action against such debtors' assets or businesses.  In 2001, for instance, Swissair AG and the other entities comprising the SAirGroup began to encounter negative cash flow and lack of cash reserves and credit lines.  In September and October 2001, Swissair's lenders began to discontinue extensions of credit, and on October 1, 2001, Swissair announced its bankruptcy.  Almost immediately,

8

creditors began to exercise remedies against the company, including seizure of two aircraft at London's Heathrow airport. Swissair's entire fleet eventually was grounded ultimately precipitating the company's liquidation proceedings, which continue to this day.

21. The failure of the Swissair bankruptcy illustrates the precarious nature in which the Debtors could find themselves if this Court does not grant the relief requested herein. The disruption to operations caused by exercise of creditor remedies or the seizure of even a single aircraft—or indeed, the mere implication that an aircraft or other critical assets may be seized— could undermine the trust and confidence that the Debtors' customers have in the Debtors to maintain operations during the pendency of the Japan Proceeding. Thus, the Foreign Representative respectfully submits that application of a stay prohibiting adverse actions against the Debtors and their assets, as contemplated in section 1519 of the Bankruptcy Code, is "urgently needed" to protect the Debtors' assets during the interim period between the Petition Date and the date on which this Court enters the recognition order.[4]

22. Section 1519 of the Bankruptcy Code permits a foreign representative to request that this Court provide certain provisional relief to foreign debtors, including relief similar to the automatic stay that will apply pursuant to section 1520 of the Bankruptcy Code upon this Court's entry of the order recognizing the Japan Proceeding. Courts grant such relief where it is "urgently needed" to protect the foreign debtor's assets in the United States. See 11 U.S.C. §1519(a). Generally, such relief may include a stay against execution against the debtor's assets, but may also include essentially any other Bankruptcy Code provisions other than those listed in

---

[4] This Court is well aware of the extensive first day motions routinely granted in large chapter 11 airline cases that addresses many of the particular operational issues faced by those airlines when commencing a restructuring. See, e.g., In re Mesa Air Group, Inc., Case No. 10-10018 (MG) (Bankr S.D.N.Y. Jan. 5, 2010); In re Delta Air Lines, Inc., Case No. 05-17923 (CGM) (Bankr. S.D.N.Y. Sept. 14, 2005), In re Northwest Airlines Corp., Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005); In re Ionosphere Clubs, Inc., Case No. 89-10448 (BRL) (Bankr. S.D.N.Y. Mar. 9, 1989).

section 1521(a)(7) of the Bankruptcy Code. <u>See</u> <u>In re Pro-Fit Holdings Ltd.</u>, 391 B.R. 850 (Bankr. C.D. Cal. 2008) (granting interim stay relief to foreign debtor and noting that "a number of other provisions of the bankruptcy code may be applied provisionally under section 1519 while an application for recognition is pending").

23.     The Foreign Representative submits that provisional relief, including the relief normally provided to chapter 11 debtors pursuant to the automatic stay of section 362 of the Bankruptcy Code, is urgently needed to protect the Debtors' assets in the United States. Although, as more fully set forth in the Petition, the Debtors' main operations and businesses are in Japan, the Debtors maintain several significant assets in the United States, including an air cargo distribution facility and interests in certain real estate at John F. Kennedy International Airport in New York, New York, corporate offices with approximately 100 employees, aircraft at multiple airports, and aircraft-related component parts at Los Angeles International Airport in Los Angeles, California.

24.     In addition, the Debtors have issued over $1 billion in aggregate principal amount of unsecured bonds, which are held globally, including by certain creditors in the United States. Moreover, although the common stock of Japan Airlines Corporation is listed on the Tokyo Stock Exchange, Japan Airlines Corporation maintains certain depository arrangements with the Bank of New York for trading of Japan Airlines Corporation's over-the-counter American depository receipts ("<u>ADRs</u>"). Given the Debtors' financial difficulties, such bondholders and holders of the ADRs may be particularly incentivized to use the Debtors' commencement of bankruptcy proceedings in Japan as a pretext to exercise various remedies against the Debtors' assets or businesses in the United States.

K&E 16165261.17

25.     Finally, the Debtors and their affiliates are parties to certain litigation pending in the United States, including certain antitrust class action lawsuits.  Obtaining a stay of this litigation is particularly important to the Debtors' ongoing business operations given the diversion of time and resources on account of these proceedings.

26.     Absent a grant of the relief requested herein, the Debtors' United States creditors and other parties could threaten to disrupt the Debtors' operations, including by taking actions against the Debtors' aircraft temporarily in the United States or other critical assets.  Even the threat of such actions could undermine the confidence of the Debtors' customers and suppliers, causing the Debtors considerable distraction as they move forward with their restructuring in the Japan Proceeding or worse, disrupting the Debtors' flight operations.  Such developments would hinder the Debtors' ability to operate its airline business at even the most basic level, causing severe disruption to the Debtors' flight schedules and seriously damaging the Debtors' credibility in the marketplace during a time of heightened scrutiny—due to the Debtors' pending restructuring—and a time of substantial financial distress—due to the current global recession.

## II.     The Debtors Satisfy the Injunction Standards Under Section 1519(e)

27.     Provisional relief under chapter 15 of the Bankruptcy Code is conditioned on the foreign representative demonstrating that a debtor meets the standards applicable to an injunction.  See 11 U.S.C. § 1519(e).  In the Second Circuit, the general standards for injunctive relief are a showing of irreparable harm and either (a) probability of success on the merits or (b) if there is doubt as to the merits, the balance of hardships weighing in favor of the party seeking injunctive relief.  See, e.g., Tinnerello & Sons, Inc., 141 F.3d 46, 51-52 (2d Cir. 1998), cert. denied 525 U.S. 923 (1998) Am. Cash Card Corp. v. Am. Tel. & Telegraph Corp., 1995 U.S. Dist. LEXIS 18880, at *4 (S.D.N.Y. 1995).  The Debtors satisfy that standard here.

K&E 16165261.17

### A.    The Debtors Face Irreparable Harm

28.    Courts generally have recognized that the chaotic dismemberment of a debtor's assets rises to the level of irreparable harm, justifying a court to intervene on behalf of the debtor.  See In re Lines, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988).  Indeed, the very purpose of the automatic stay is to protect the debtor "from the pressure and harassment of creditors seeking to collect their claims . . . [and to] provide[] breathing space to permit the debtor to focus on its rehabilitation or reorganization.  See 3 COLLIER ON BANKR. ¶362.03; see also H.R. REP. NO. 595, 95th CONG., 1ST SESS. 340 (1977) (noting that the stay "gives the debtor a breaching spell from his creditors").

29.    In the Chapter 15 Cases, however, the Debtors do not enjoy the benefits of the stay automatically upon filing the petition.  Indeed, the Debtors face the prospect of considerable harm and disruption to their operations from creditors and other parties in interest potentially taking action against their United States assets and businesses.  Such action could potentially derail the Debtors' restructuring efforts in Japan.  Importantly, at least one court has noted that irreparable harm exists where the assets of a foreign estate are threatened.  See In re Gercke, 122 B.R. 621, 626 (Bankr. D.D.C. 1991).

30.    As described in the Nishi Declaration, if the Debtors' creditors and other parties in interests are not enjoined from taking action against the Debtors' property during this precarious interim period, there is a risk that the Debtors' United States assets would be subject to actions for attachment or execution brought by individual creditors and that assets of the Debtors' estate may be prematurely "pieced out" and dissipated.  Cf. Lines, 81 B.R. at 270 (noting that "the premature piecing out of property involved in a foreign . . . proceeding constitutes irreparable injury").  Also, the Debtors' business partners and contract counterparties may use the Japan Proceeding as a pretext to terminate unfavorable contracts, require security

12

deposits, tighten credit terms or take other detrimental business acts against the Debtors. Such adverse actions would significantly undermine the Japan Proceeding, causing the Foreign Representative, the Debtors, the Debtors' creditors, and other parties in interest irreparable harm. The Foreign Representative therefore submits that the Debtors face irreparable harm and thus satisfy the first injunction standard necessary to grant chapter 15 provisional relief as required by section 1519(e) of the Bankruptcy Code.

### B. The Balance of Hardships Weighs in Favor of the Debtors

31. The Foreign Representative submits that the Debtors' irreparable harm absent provisional relief significantly outweighs any harm to the Debtors' creditors, business partners, contract counterparties and other stakeholders caused by entry of provisional relief. Specifically, the issuance of a preliminary injunction enjoining any actions or proceedings against the Debtors and their assets, as well as recognizing the Foreign Representative's exclusive authority to control, manage, or use the Debtors' assets, will cause minimal hardship to any persons subject to the preliminary injunction. Indeed, the Foreign Representative is requesting only that this Court grant the preliminary relief from the date of the hearing on the Application to the date of the hearing on the recognition order, at most a period of less than 30 days. Further, it should be noted that the Foreign Representative is seeking only to maintain the status quo in order to protect and preserve the Debtors' assets, which will facilitate an orderly restructuring of the Debtors' balance sheet in Japan. Also, any party has the right to seek relief from this Court at any time to modify the provisional relief sought.

### C. The Likelihood of Success on the Merits Is High

32. Moreover, the Foreign Representative has a strong likelihood of success on obtaining recognition of the Japan Proceeding. Indeed, as set forth in the Petition and in the Katayama Declaration, the Foreign Representative likely has adequately demonstrated that the

Japan Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and that the Foreign Representative is the "foreign representative" of the Debtors as defined in section 101(24) of the Bankruptcy Code. Thus, the likelihood of success on the underlying merits here is high. Cf. Travellers Int'l AG v. Trans World Airlines, Inc., 722 F. Supp. 1087, 1096 (S.D.N.Y. 1989), aff'd, 41 F.3d 1570 (2d Cir. 1994) (noting the standards for permanent injunction, including that the movant likely will be successful on the merits of its claim).

### III. The Debtors Satisfy the Requirements for a Temporary Restraining Order

33.     In addition to seeking provisional application of the stay and other relief pending this Court's recognition of the Japan Proceeding as a "foreign main proceeding," the Foreign Representative also seeks immediate entry of an order to show cause with a temporary restraining order to protect the Debtors' businesses from disruption prior to the hearing on the Application.

34.     Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to obtain an *ex parte* temporary restraining order, an applicable must show that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." See, e.g., TKR Cable v. Cable City Corp., 267 F.3d 196, 198 (3d Cir. 2001) (granting *ex parte* temporary restraining order to prohibit sale, consummation of which would have prejudiced parties in interest); Gorman v. Coogan, 273 F. Supp. 2d 131, 134 (D. Me. 2003) (issuing *ex parte* temporary restraining order to prevent corporation from indemnifying directors' expenses because company faced imminent bankruptcy if order was not entered).

35.     The Debtors' businesses and assets subsequent to commencement of the Japan Proceeding and the Chapter 15 Cases are substantially exposed to adverse creditor action.

14

As with any major airline, the Debtors' primary source of revenue is generated from use of their aircraft. Seizure of even one aircraft would harm the Debtors' revenue, disrupt flight schedules and potentially cause customers to turn to competitor airlines, thus destroying the Debtors' goodwill. Furthermore, if the Debtors' assets located in the United States are left unprotected, creditors would be free to exercise remedies against such assets, frustrating the Debtors' reorganization efforts in the Japan Proceeding and harming the value of the Debtors' estate. Indeed, using the Japan Proceeding as pretext, the Debtors' business partners and contract counterparties may impose more stringent credit terms, terminate contracts, seek security deposits or take other adverse actions to the Debtors' business.

36. Importantly, although under the JRA once the Japanese court issues the formal commencement order a stay applies to all of the Debtors' assets and creditors, it is uncertain whether the Debtors' U.S. creditors would abide by or respect the stay under the JRA. Given this uncertainty, it is imperative that the Debtors—and their customers, suppliers, and key creditor constituencies—have the assurance from this Court through imposition of a stay and other relief provided under section 1519 of the Bankruptcy Code, that parties adverse to the Debtors will not take actions detrimental to the Debtors' interests.

37. The propriety of provisional injunctive and related relief in comparable circumstances, including a temporary restraining order, has been recognized in several chapter 15 cases in this and other districts. See, e.g., In re Alitalia Linee Aeree Italiane S.p.A., Case No. 08-14321 (BRL) (Bankr. S.D.N.Y. Nov. 5, 2008) (order granting temporary restraining order and a preliminary injunction); In re Namirei-Show A Co., Ltd., Case No. 08-13256 (BRL) (Bankr. S.D.N.Y. Aug. 22, 2008) (same); In re Baronet U.S.A., Inc., Case No. 07-13821 (JMP)

(Bankr. S.D.N.Y. Dec. 4, 2007) (same); In re Afinsa Bienes Tangibles SA, Case No. 07-10675 (JMP) (Bankr. S.D.N.Y. Mar. 15, 2007) (same).

38.     Finally, the Foreign Representative provided notice of the Application and the commencement of the Chapter 15 Cases as best as possible under the circumstances to interested parties in order to provide such parties the opportunity to be heard on the Foreign Representative's request for entry of the order to show cause with preliminary injunction.  Specifically, the Foreign Representative provided notice via electronic mail and facsimile to the parties listed in paragraph 43 immediately upon commencement of the Chapter 15 Cases.

39.     Based on the foregoing and on the facts described in the Nishi Declaration, the Foreign Representative respectfully requests that this Court grant the relief requested herein.

## IV.     The Foreign Representative Requests Scheduling of a Hearing for Preliminary Injunctive Relief

40.     The Foreign Representative respectfully requests that this Court, by means of the proposed order to show cause, set a date for the hearing on its request for a preliminary injunction within ten (10) days of the Petition Date, as well as a date by which objections must be filed (the "Objection Deadline").  Pursuant to Local Rule 2001-1 of the Local Bankruptcy Rules for the Southern District of New York, if no objections are filed by the Objection Deadline, the Foreign Representative proposes that this Court enter the proposed preliminary injunction without the necessity of a hearing.

41.     The Foreign Representative further proposes to serve the order to show cause, together with copies of the Application and all related documents, by mailing as soon as practicable via overnight mail directed to:  (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal

Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustee for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' ADRs; (i) the administrative agent for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; and (l) all other parties against whom the Debtors are seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code.  The Foreign Representative believes that such notice and service constitutes reasonable and proper notice under the circumstances.

### Satisfaction of Local Bankruptcy Rule 9013-1(a)

42.     The Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to the Application.  Accordingly, the Debtors submit that the Application satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

### Notice

43.     The Foreign Representative has provided notice of the Application, pursuant to Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to:  (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustee for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' ADRs; (i) the administrative agent for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; and (l) the Debtors' largest 50

17

U.S. trade creditors. In light of the relief requested, the Foreign Representative submits that no further notice is necessary.

**No Prior Request**

44.     No previous request for the relief requested herein has been made to this or any other court.

**Waiver of Federal Rule of Civil Procedure 65(c)**

45.     Bankruptcy Rule 7065 expressly provides that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." To the extent Rule 65 of the Federal Rules of Civil Procedure applies, the Foreign Representative believes that the security requirements imposed by Rule 65(c) are unwarranted under the circumstances and, accordingly, respectfully requests a waiver of such requirements pursuant to Bankruptcy Rule 7065.

K&E 16165261.17

WHEREFORE, the Foreign Representative respectfully requests (a) immediate entry of an order to show cause with a temporary restraining order, substantially in the form attached hereto as <u>Exhibit A</u>; (b) entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting a preliminary injunction order pending this Court's entry of an order recognizing the Japan Proceeding as a "foreign main proceeding"; (c) scheduling of a hearing on the Application; and (d) such other and further relief as is just and proper.

New York, New York
Dated: January 19, 2010

/s/ David R. Seligman
James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

David R. Seligman, P.C. (*pro hac vice* pending)
Ryan Blaine Bennett (*pro hac vice* pending)
Paul Wierbicki (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Foreign Representative

# **EXHIBIT A**

## **Proposed Order to Show Cause**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 |
| JAPAN AIRLINES CORPORATION, <u>et al.</u>, | ) |
| Debtors in a Foreign Proceeding[1] | ) Case No.  10-[_____] |
| | ) |
| Debtors. | ) |
| | ) (Joint Administration Requested) |

## ORDER TO SHOW CAUSE
## <u>WITH TEMPORARY RESTRAINING ORDER</u>

Upon the Application for certain provisional and injunctive relief (the "<u>Application</u>")

filed by the Foreign Representative as foreign representative of the above-captioned debtors

(collectively, the "<u>Debtors</u>") in the Debtors' reorganization proceedings under Japanese law

currently pending before the Tokyo District Court, Civil Department No. 8 (the

"<u>Japan Proceeding</u>"); and upon this Court's review and consideration of the Application, the

Nishi Declaration and the Katayama Declaration; this Court having jurisdiction to consider the

Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11

U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court

pursuant to 28 U.S.C. § 1410(1) and (3); appropriate, sufficient and timely notice of the filing of

the Application and request for an order to show cause with a temporary restraining order having

been given by Foreign Representative, pursuant to Rules 1011(b) and 2002(q) of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); it appearing that the relief requested

in the Application is necessary and beneficial to the Debtors; and no objections or other

---

[1]    The Debtors in these chapter 15 cases are:  Japan Airlines Corporation, Japan Airlines International Co., Ltd.,
       and JAL Capital Co., Ltd.  The location of the Debtors' corporate headquarters and the service address for all of
       the Debtors is:  JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn:  Legal
       Department.

responses having been filed that have not been overruled, withdrawn or otherwise resolved; and upon after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:[2]

1.      There is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Japan Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2.      The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' estates in the Japan Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

3.      Unless a restraining order issues, there is a material risk that the Debtors' assets could be subject to efforts by creditors or other parties-in-interest in the Untied States to control or possess such assets, or that business partners or contract counterparties could use the Japan Proceeding as a pretext to terminate unfavorable contracts, require security deposits, tighten credit terms or take other detrimental business acts against the Debtors or their U.S. assets.

4.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to administer its estates pursuant to the Japan Proceeding; and (c) undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the

---

[2]     The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

K&E 16165261.17

Debtors' creditors.  Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

5.      The interest of the public will be served by this Court's entry of this Order.

6.      The Foreign Representatives and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      To the extent unresolved objections to the preliminary injunction requested in the Application exist, all parties in interest must come before the Honorable _____, United States Bankruptcy Judge for the Southern District of New York, for the hearing (the "Hearing") at __:__ a/p.m. on _____, 2010, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Room ___, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show why a preliminary injunction should not be granted, pending the issuance of an order recognizing the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code:

     a.    establishing the Foreign Representative as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations

     b.    ordering that the protections of sections 361 and 362 of the Bankruptcy Code apply to the Debtors and their assets in the United States;

     c.    enjoining all persons and entities from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

d.  all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

e.  entrusting the administration and realization of all of the Debtors' assets in the United States to the Foreign Representative, including all of the Debtors' assets located in the United States or which may have been transferred to third parties in the United States; and

f.  providing that the Foreign Representative is authorized to examine witnesses, take evidence and deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

3.  Pending entry of further order of this Court, the protections of sections 361 and 362 of the Bankruptcy Code, to the extent applicable, apply to the Debtors and their assets in the United States.

4.  Pending entry of further order of this Court:

a.  the Foreign Representative is established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations;

b.  the Foreign Representative is entrusted the administration or realization of all or part of the Debtors' assets in the United States, including, without limitation, all of the Debtors' assets in the United States that may have been transferred to parties in the United States;

c.  all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

4

d.     all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof.; and

e.     the Foreign Representative has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

5.     Pending entry of further order of this Court, the Foreign Representative, in connection with his appointment as the Debtors' trustee in the Japan Proceeding or as the "foreign representative" in the Chapter 15 Cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

6.     Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to the Chapter 15 Cases by Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order.

7.     Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

8.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

K&E 16165261.17

9.     This Order and the Application shall be served on:  (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustee for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' American depository receipt; (i) the administrative agent for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; (l) all other parties against whom the Debtors are seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code; and (m) all parties that file notices of appearance in the Chapter 15 Cases pursuant to Bankruptcy Rule 2002.

10.     Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.  The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11.     Any party in interest may file objections and be heard by this Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Foreign Representative in the Chapter 15 Cases.

12.     Any party in interest wishing to submit a response or objection to the relief requested in the Application must do so in writing and shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties in

K&E 16165261.17

interest, on a 3.5-inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "Chambers Copy" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than _____ at __:__ a/p.m. (Eastern Time) by the following parties: (a) counsel to the Foreign Representative, Kirkland and Ellis LLP, 300 North LaSalle, Chicago, Illinois 60657, Attn: David Seligman, Ryan Blaine Bennett and Paul Wierbicki; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (c) all parties that file notices of appearance in the Chapter 15 Cases pursuant to Bankruptcy Rule 2002. This Court may enter an order granting the preliminary injunction requested in the Application without hearing if no unresolved objections exist.

13.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

New York, New York
Date: _____, 2010

_____
United States Bankruptcy Judge

## EXHIBIT B

## Order Granting Preliminary Injunction

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| JAPAN AIRLINES CORPORATION, <u>et al.</u>, | ) | Case No. 10-[_____] |
| Debtors in a Foreign Proceeding¹ | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER GRANTING
### <u>PRELIMINARY INJUNCTION</u>

Upon the Application for certain provisional and injunctive relief (the "<u>Application</u>")

filed by the Foreign Representative as foreign representative of the above-captioned debtors

(collectively, the "<u>Debtors</u>") in the Debtors' reorganization proceedings under Japanese law

currently pending before the Tokyo District Court, Civil Department No. 8 (the

"<u>Japan Proceeding</u>"); and upon this Court's review and consideration of the Application, the

Nishi Declaration and the Katayama Declaration; this Court having jurisdiction to consider the

Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11

U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court

pursuant to 28 U.S.C. § 1410(1) and (3); appropriate, sufficient and timely notice of the filing of

the Application and the hearing thereon having been given in accordance with this Court's *Order*

*to Show Cause with Temporary Restraining Order* and pursuant to Rules 1011(b) and 2002(q) of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and upon the record

established at such hearing; it appearing that the relief requested in the Application is necessary

---

¹     The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn: Legal Department.

and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:[2]

1.      There is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Japan Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2.      The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' estates in the Japan Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

3.      Unless a preliminary injunction issues, there is a material risk that the Debtors' assets could be subject to efforts by creditors or other parties-in-interest in the Untied States to control or possess such assets, or that business partners or contract counterparties could use the Japan Proceeding as a pretext to terminate unfavorable contracts, require security deposits, tighten credit terms or take other detrimental business acts against the Debtors or their U.S. assets.

4.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to administer its estates pursuant to the Japan Proceeding; and (c) undermine the

---

[2]     The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

K&E 16165261.17

Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

5.     The interest of the public will be served by this Court's entry of this Order.

6.     The Foreign Representatives and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.     Beginning on the date of this Order and continuing until the date of the entry of an order of this Court recognizing the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code):

   a.     the protections of sections 361 and 362 of the Bankruptcy Code apply to the Debtors and their assets in the United States;

   b.     the Foreign Representative is established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations;

   c.     the Foreign Representative is entrusted the administration or realization of all or part of the Debtors' assets in the United States, including, without limitation, all of the Debtors' assets that may have been transferred to parties in the United States;

   d.     all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

e. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof; and

f. the Foreign Representative has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

2. The Foreign Representative, in connection with his appointment as the Debtors' trustee in the Japan Proceeding or as the "foreign representative" in the Chapter 15 Cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

3. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to the Chapter 15 Cases pursuant to Bankruptcy Rule 7065, not notice to any person is required prior to entry and issuance of this Order.

4. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

5. This Order, the proposed order recognizing the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative as defined in section 101(24) of the Bankruptcy Code and notice of the hearing on the Petition shall be served on: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustee for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' American depository receipts; (i) the administrative agent for the Debtors' prepetition credit

4

facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; (l) all other parties against whom the Debtors obtained preliminary relief pursuant to section 1519 of the Bankruptcy Code; and (m) all parties that file notices of appearance in the Chapter 15 Cases pursuant to Bankruptcy Rule 2002.

6.      Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

7.      The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

8.      The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5

10.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

New York, New York
Date: _____, 2010

_____
United States Bankruptcy Judge

K&E 16165261.17