James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

   - and -

David R. Seligman, P.C. (*pro hac vice* pending)
Ryan Blaine Bennett (*pro hac vice* pending)
Paul Wierbicki (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| JAPAN AIRLINES CORPORATION, et al., | ) Case No. 10-[_____] |
| Debtors in a Foreign Proceeding[1] | ) |
| | ) |
| Debtors. | ) |
| | ) (Joint Administration Requested) |

**DECLARATION OF EIJI KATAYAMA IN SUPPORT OF**
**VERIFIED PETITION FOR RECOGNITION AND CHAPTER 15 RELIEF**

     I, Eiji Katayama, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

under the laws of the United States of America as follows:

     1.     I am over the age of 18 and, except as otherwise indicated, all facts set forth in

this declaration are based upon my personal knowledge, my opinion based upon my experience

---

[1]    The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan, Attn: Legal Department.

and knowledge of the Debtors' operations and financial condition, my review of relevant documents (including the petition for recognition) or information supplied to me. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

2.     I am a partner at the law firm of Abe, Ikubo & Katayama and am authorized to act as foreign representative of Japan Airlines Corporation, Japan Airlines International Co., Ltd. and JAL Capital Co., Ltd. (collectively, the "Debtors"), whose reorganization proceedings under the Corporate Reorganization Act of Japan (*Kaisha Kosei Ho*) (the "JRA") are pending before the Tokyo District Court, Civil Department No. 8 (the "Japan Proceeding"), to commence these cases under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").[2]

3.     I submit this declaration in support of the (a) *Verified Petition for Recognition and Chapter 15 Relief* (the "Petition") and (b) *Ex Parte Application for Order (A) Granting Provisional Relief and Injunction and (B) Scheduling Hearing*.

4.     I have extensive experience in the field of Japanese corporate reorganization law. I have served as the trustee or the deputy trustee in some of Japan's largest bankruptcy cases, including that of Muramoto Construction. In addition, I have filed corporate reorganization cases for numerous debtors in Japan, including debtors in the real estate and insurance industries. Further, I have served as lead counsel for a diverse range of clients in Japanese civil rehabilitation proceedings and was in charge of overseas operations in the civil rehabilitation of a $17 billion Japanese department store corporation with numerous locations across Asia and in Europe. I graduated from Kyoto University in 1973 with a major in Engineering, graduated from Kobe University with a major in law in 1982 and was admitted to practice law in Japan in 1984.

---

[2]     Copies of the certificate of the Tokyo District Court authorizing commencement of the Chapter 15 Cases, along with the English translation of the certificate, are attached as Exhibit 3 of the Petition (as defined herein).

From 1988 to 1990, I studied and worked in the United States and Europe and was admitted to practice law in the state of New York.

## I.    General Background

5.    In operation since 1951, the Debtors and their non-debtor affiliates are one of the world's largest air carriers, providing air transportation, cargo, and other transportation related-services to millions of customers around the world.  The Debtors' domestic passenger business is the largest in Japan.  The Debtors also have a strong international presence, including hubs in London, Beijing, New York, Los Angeles and Hong Kong.

6.    It is my understanding that like many airlines, the Debtors have struggled to maintain consistent operating performance.  It is my further understanding that despite taking certain cost-cutting measures and attempted liquidity improvements, the Debtors have posted losses and experienced retrained liquidity levels, leading to their current restructuring.

7.    On October 29, 2009, the Debtors engaged in advance consultations regarding possible debt restructuring with the Enterprise Turnaround Initiative Corporation of Japan ("ETIC"), a fund established to help revive firms with state-guaranteed loans.  In discussions with ETIC, ultimately it was determined that a court-supervised restructuring would provide the Debtors' the best opportunity to restructure their debt and return to profitability.

8.    To effectuate this restructuring, the Debtors voluntarily filed for the commencement of a corporate reorganization proceeding with the Tokyo District Court under the Corporate Reorganization Act of Japan (*Kaisha Kosei Ho*) (the "JRA") on January 19, 2010.  In the Japan Proceeding, the Debtors intend to obtain the approval of the relevant affected creditors, and confirmation by the Tokyo District Court, of a debt restructuring plan.

9.    To ensure sufficient liquidity to maintain their businesses and safe flight operations without disruption during the pendency of the Japan Proceeding, the Debtors have

entered into an agreement pursuant to which ETIC and the Development Bank of Japan have committed to provide approximately $5 billion of postpetition financing to effectuate the reorganization.

## II.     The Japan Proceeding

10.     To undertake a comprehensive restructuring of its obligations, the Debtors commenced the Japan Proceeding pursuant to the JRA, which is Japan's corporate reorganization law for large debtor entities such as the Debtors.  The JRA was initially modeled on Chapter X of the United States Bankruptcy Act of 1898 and was amended in 2002 in an effort to facilitate more efficient and expeditious court-supervised restructurings for larger companies.

11.     Proceedings under the JRA are similar in most respects to proceedings under chapter 11 of the Bankruptcy Code.  However, in contrast to the debtor-in-possession model of chapter 11 proceedings, the entry of a commencement order under the JRA designates one, or multiple, trustees who assume full responsibility for managing the company through formulation, confirmation and full performance of a corporate reorganization plan.  The trustee must formulate and submit a formal plan of reorganization to the Japanese court presiding over the restructuring within one year of entry of the commencement order, which period may be extended twice for cause shown.  The plan is then submitted to the debtor's creditors (and stockholders if the debtor's assets exceed its liabilities) for formal approval.

12.     The JRA establishes the applicable voting requirements to obtain formal approval of the reorganization plan by the debtor's creditors.  Generally, the applicable voting percentages required to confirm a plan depend upon the plan's treatment of affected creditors and, in addition, whether the plan proposes a restructuring versus a liquidation of the debtor's businesses.  If the votes for plan confirmation are not obtained, the court must either terminate the reorganization proceedings, or, in the alternative, confirm the plan over dissenting creditors,

through procedures provided in the JRA, similar to the Bankruptcy Code's "cram down" mechanism.

13.      On January 19, 2010, the Tokyo District Court issued an order commencing the Japan Proceeding. The order commencing the Japan Proceeding is attached as <u>Exhibit 2</u> to the Peititon, and an English translation of the commencement order is attached to the Petition as <u>Exhibit 3</u>. The commencement order became effective when issued. I have been appointed as trustee for the Debtors in the Japan Proceeding.

**III.      The Japan Proceeding Is a Foreign Main Proceeding**

14.      To ensure the effective and economic administration of the Debtors' restructuring efforts, I believe that the Debtors require the protection afforded to foreign debtors pursuant to chapter 15 of the Bankruptcy Code for their valuable assets in the United States.

15.      Under the JRA, upon appointment of a trustee, the trustee assumes control over the debtors. The trustee has authority and power to give instructions on behalf of the debtors and administer the reorganization of the debtors' assets, including applying to this Court for recognition of Japanese proceedings and to seek this Court's assistance in carrying out the terms of the commencement order and other order of the Japanese court. Accordingly, to the best of my information and belief, I believe that I, as an appointed trustee in the Japan Proceeding, am a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

16.      To the best of my information and belief, the Japan Proceeding is a collective judicial proceeding under Japanese law relating to the insolvency of the Debtors in which the assets of the Debtors are subject to the control and supervision of the Japanese Court for the purpose of reorganization. Accordingly, to the best of my information and belief, I believe that the Japan Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

K&E 16184036.2

17. Further, to the best of my information and belief, I believe that the Japan Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code, as each of the Debtors is a Japanese company having a substantial connection to Japan, and having its center of main interest ("COMI") in Japan. The Debtors' corporate headquarters are located at 4-11, Higashi-shinagawa 2-chome, Shinagawa-ku, Tokyo 140-8637, Japan. In addition:

   a.  the Debtors are all corporations organized and existing under the laws of Japan;

   b.  the Debtors are primarily controlled by, and decision-making is made from, their principal place of business in Japan;

   c.  the majority of the Debtors' employees reside in Japan;

   d.  the majority of the Debtors' assets are located in Japan;

   e.  the majority of the Debtors' creditors are located in Japan; and

   f.  all of the Debtors' administrative functions including accounting, financial reporting, budgeting, and cash management are conducted in Japan.

18. I believe, to the best of my information and belief, and as identified in the *Declaration of Naho Ebata Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure*, filed contemporaneously herewith, other than these chapter 15 cases, the Japan Proceeding is the only insolvency proceeding pending for the Debtors and, therefore, is the only "foreign proceeding" with respect to the Debtors within the meaning of section 101(23) of the Bankruptcy Code.

19. Additionally, I understand that a statement identifying all foreign proceedings with respect to the Debtor has been filed with this Court. Accordingly, I believe that the Petition meets the requirements of section 1515 of the Bankruptcy Code for recognition of the Japan Proceeding as a foreign main proceeding.

K&E 16184036.2

Executed on this 19th day of January, 2010
Tokyo, Japan

/s/ Eiji Katayama
Eiji Katayama, Partner
Abe, Ikubo & Katayama
Foreign Representative