UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 15 |
|  | ) |  |
| JAPAN AIRLINES CORPORATION, et al., | ) | Case No. 10-10198 (JMP) |
| Debtors in a Foreign Proceeding[1] | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER GRANTING
## PRELIMINARY INJUNCTION

Upon the Application for certain provisional and injunctive relief (the "Application")[2] filed by the Foreign Representative as foreign representative of the above-captioned debtors (collectively, the "Debtors") in the Debtors' reorganization proceedings under Japanese law currently pending before the Tokyo District Court, Civil Department No. 8 (the "Japan Proceeding"); and upon this Court's review and consideration of the Application, the Nishi Declaration and the Katayama Declaration; this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); appropriate, sufficient and timely notice of the filing of the Application and the hearing thereon having been given in accordance with this Court's *Order to Show Cause with Temporary Restraining Order* and pursuant to Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the record

---

[1] The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn: Legal Department.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

established at such hearing; it appearing that the relief requested in the Application is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

1. There is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Japan Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2. The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' estates in the Japan Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

3. Unless a preliminary injunction issues, there is a material risk that the Debtors' assets could be subject to efforts by creditors or other parties-in-interest in the Untied States to control or possess such assets, or that business partners or contract counterparties could use the Japan Proceeding as a pretext to terminate unfavorable contracts, require security deposits, tighten credit terms or take other detrimental business acts against the Debtors or their U.S. assets.

4. Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to

---

[3] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

administer its estates pursuant to the Japan Proceeding; and (c) undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

5. The interest of the public will be served by this Court's entry of this Order.

6. The Foreign Representatives and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. Beginning on the date of this Order and continuing until the date of the entry of an order of this Court recognizing the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code):

    a. the protections of sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtors and the property of the Debtors in the territorial jurisdiction of the United States;

    b. the Foreign Representative is established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations;

    c. the Foreign Representative is entrusted with the administration or realization of all or part of the Debtors' assets in the United States, including, without limitation, all of the Debtors' assets that may have been transferred to parties in the United States;

    d. all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

   e. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof that are located in the United States, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof that are located in the United States; and

   f. the Foreign Representative has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

  2. The Foreign Representative, in connection with his appointment as the Debtors' trustee in the Japan Proceeding or as the "foreign representative" in the Chapter 15 Cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

  3. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to the Chapter 15 Cases pursuant to Bankruptcy Rule 7065, not notice to any person is required prior to entry and issuance of this Order.

  4. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

  5. This Order, the proposed order recognizing the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative as defined in section 101(24) of the Bankruptcy Code and notice of the hearing on the Petition shall be served on: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustee for the Debtors' unsecured bonds; (h) the depository institution for the Debtors'

4

American depository receipts; (i) the administrative agent for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; (l) all other parties against whom the Debtors obtained preliminary relief pursuant to section 1519 of the Bankruptcy Code; and (m) all parties that file notices of appearance in the Chapter 15 Cases pursuant to Bankruptcy Rule 2002.

6. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

7. The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

8. The Foreign Representative having confirmed that it has elected in accordance with applicable Japanese insolvency law to assume, accept, validate and perform the Debtors' obligations under the Debtors' interline agreements and clearinghouse agreements and billing and settlement agreements administered by the International Air Transport Association ("IATA"), the IATA Clearing House, Airlines Clearing House, Inc. and Universal Air Travel Plan, Inc. (collectively, the "Industry Agreements"), the Debtors and the Foreign Representative,

5

as the case may be, are authorized to perform in accordance with the Industry Agreements, including without limitation (a) to honor and pay outstanding prepetition and postpetition claims arising in the ordinary course of business under the Industry Agreements, and (b) to process customary payments and transfers and to honor customary transfer requests made by Debtors and other participants pursuant to the Industry Agreements.  Notwithstanding anything to the contrary contained in this Order or in the Court's January 19, 2010 *Order to Show Cause with Temporary Restraining Order*, the provisions of sections 362 and 1520 of the Bankruptcy Code are hereby modified, *nunc pro tunc* to January 19, 2010, solely to the extent necessary to permit performance of, and under, the Industry Agreements by the Debtors and other parties to such agreements and by financial institutions involved in implementing such agreements.

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
       January 28, 2010

                                      *s/ James M. Peck*
                                    Honorable James M. Peck