**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 15 |
| JAPAN AIRLINES CORPORATION, et al., | ) Case No. 10-10198 (JMP) |
| Debtors in a Foreign Proceeding¹ | ) |
| Debtors. | ) |
|  | ) Jointly Administered |

**ORDER PURSUANT TO**
**11 U.S.C. §§ 1504, 1515, 1517 AND 1520 RECOGNIZING**
**FOREIGN REPRESENTATIVE AND FOREIGN MAIN PROCEEDING**

Upon the *Verified Petition for Recognition and Chapter 15 Relief* (the "Petition")² seeking (a) recognition of the Foreign Representative as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code of the above-captioned debtors (collectively, the "Debtors"); and (b) recognition of the Debtors' reorganization proceedings under Japanese law currently pending before the Tokyo District Court, Civil Department No. 8 (the "Japan Proceeding"), as a foreign main proceeding pursuant to sections 1515 and 1517 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, the Katayama Declaration, and the Nishi Declaration; IT IS HEREBY FOUND AND DETERMINED THAT:³

---

¹ The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd. The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan, Attn: Legal Department.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

³ The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

1. This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

2. The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3).

4. Good, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q), to: (a) the Office of the United States Trustee: (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustees for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' American depository receipts; (i) the administrative agents for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; and (l) all other parties against whom the Debtors are seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code.

5. No objections or other responses were filed that have not been overruled, withdrawn or otherwise resolved.

6. The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

7. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtors as such term is defined in

section 101(24) of the Bankruptcy Code, and the Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

8.  The Japan Proceeding is pending in Japan, where the Debtors' "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, of the Debtors is located, and accordingly, the Japan Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(l) of the Bankruptcy Code.

9.  The Foreign Representative is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

10. The Foreign Representative is entitled to all the relief provided pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtors and the interests of the Debtors' creditors.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Petition is granted.

2.  The Japan Proceeding is recognized as a foreign main proceeding pursuant to section 1517(a) and 1517(b)(l) of the Bankruptcy Code, and all the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3.  Upon entry of this Order: pursuant to section 1520 of the Bankruptcy Code, the Japan Proceeding shall be given its full force and effect; and, among other things:

    a.  the protections of sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtors and the property of the Debtors in the territorial jurisdiction of the United States;

      b.    all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative; and

      c.    all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof that are located in the United States, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof that are located in the United States.

4.     Notwithstanding anything to the contrary in the immediately preceding paragraph 3, any party may move the Court for relief from the restrictions of such paragraph for good cause shown.

5.     The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representative:

      a.    is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States; and

      b.    has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

6.     The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations.

7.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of

4

prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

8. The Foreign Representative having confirmed that it has elected in accordance with applicable Japanese insolvency law to assume, accept, validate and perform the Debtors' obligations under the Debtors' interline agreements and clearinghouse agreements and billing and settlement agreements administered by the International Air Transport Association ("IATA"), the IATA Clearing House, Airlines Clearing House, Inc. and Universal Air Travel Plan, Inc. (collectively, the "Industry Agreements"), the Debtors and the Foreign Representative, as the case may be, are authorized to perform in accordance with the Industry Agreements, including without limitation (a) to honor and pay outstanding prepetition and postpetition claims arising in the ordinary course of business under the Industry Agreements, and (b) to process customary payments and transfers and to honor customary transfer requests made by Debtors and other participants pursuant to the Industry Agreements.  Notwithstanding anything to the contrary contained in this Order or in the Court's January 19, 2010 *Order to Show Cause with Temporary Restraining Order*, the provisions of sections 362 and 1520 of the Bankruptcy Code are hereby modified, *nunc pro tunc* to January 19, 2010, solely to the extent necessary to permit performance of, and under, the Industry Agreements by the Debtors and other parties to such agreements and by financial institutions involved in implementing such agreements.

5

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
      February 17, 2010

                                      *s/ James M. Peck*
                                  United States Bankruptcy Judge