James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

   - and -

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| JAPAN AIRLINES CORPORATION, et al., | Case No. 10-10198 (JMP) |
| Debtors in a Foreign Proceeding[1] | |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION OF FOREIGN REPRESENTATIVE'S**
**MOTION FOR ENTRY OF ORDER CLOSING CHAPTER 15 CASES**

    **PLEASE TAKE NOTICE** that on September 16, 2013, the undersigned counsel for Eiji Katayama, in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in respect of the duly recognized foreign main proceeding (the "Japan Proceeding") in the Tokyo District Court, Civil Department No. 8

---

[1] The Debtors in these chapter 15 cases are: Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd.  Pursuant to the Debtors' confirmed plan of reorganization, Debtors Japan Airlines Corporation and JAL Capital Co., Ltd. were merged into Debtor Japan Airlines International Co., Ltd.  Japan Airlines International Co., Ltd., the surviving entity, later was renamed Japan Airlines Co., Ltd.  The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan, Attn:  Legal Department.

(the "Tokyo District Court") filed the attached *Foreign Representative's Motion for Entry of Order Closing Chapter 15 Cases* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that **any responses or objections to the relief requested in the Motion** must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Court electronically by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy marked "Chambers Copy" and delivered directly to the Court), and shall be served upon:  The Foreign Representative has provided notice of this Motion to: (a) the Office of the United States Trustee; (b) all parties to litigation currently pending in the United States in which the Debtor is a party; and (c) all parties that have filed an appearance and request for service of filings in these cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure so as to be actually received by no later than **5:00 p.m. (Eastern Time) on October 16, 2013**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion with proof of service is filed with the Court by **5:00 p.m. (Eastern Time) on October 16, 2013,** there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will hold a hearing on the Motion, along with any written objection timely served, at a date to be determined in November 2013 at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling

Green, New York, New York, 10004-1408.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

New York, New York  
Dated:  September 16, 2013

/s/ *Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

    - and -

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Foreign Representative

James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

   - and -

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| JAPAN AIRLINES CORPORATION, et al., Debtors in a Foreign Proceeding[1] | Case No. 10-10198 (JMP) |
| Debtors. | Jointly Administered |

**FOREIGN REPRESENTATIVE'S MOTION FOR ENTRY**
**OF ORDER CLOSING CHAPTER 15 CASES**

Eiji Katayama, in his capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), in respect of the duly recognized foreign main proceeding (the "Japan Proceeding") in the Tokyo District Court, Civil Department No. 8 ("Tokyo District Court"), respectfully submits this

---

[1] The Debtors in these chapter 15 cases are:  Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd.  Pursuant to the Debtors' confirmed plan of reorganization, Debtors Japan Airlines Corporation and JAL Capital Co., Ltd. were merged into Debtor Japan Airlines International Co., Ltd.  Japan Airlines International Co., Ltd., the surviving entity, later was renamed Japan Airlines Co., Ltd.  The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan, Attn:  Legal Department.

K&E 27167831

motion (the "Motion") pursuant to sections 105, 350(a), 1517(d) (second sentence) and 1518(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 5009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order attached hereto as **Exhibit A** (the "Closing Order") closing the above-captioned chapter 15 cases (the "Chapter 15 Cases"). In support of this Motion, the Foreign Representative respectfully represents as follows:

## Jurisdiction

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Pursuant to 11 U.S.C. §§ 1504, 1515, 1517 and 1520 Recognizing Foreign Representative and Foreign Main Proceedings* [Docket No. 49] (the "Recognition Order"). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.   The statutory predicates for the relief requested herein are section 105, 350(a) and 1517(d) of the Bankruptcy Code, Bankruptcy Rule 5009, and Local Rule 5009-1.

## Background

3.   On October 29, 2009, JALC began advance consultations with the Enterprise Turnaround Initiative Corporation of Japan ("ETIC"), a fund established by the Japanese government to help revive firms with state-guaranteed loans, regarding the restructuring of its debt. Eventually, JALC developed a global restructuring plan intended to enable JALC and the other Debtors to return to profitability through a comprehensive court-supervised restructuring with ETIC's support.

4.   To effectuate this restructuring, on January 19, 2010 (prevailing Tokyo time), the Debtors voluntarily filed for commencement of a corporate reorganization proceeding in the

Tokyo District Court under the Corporate Reorganization Act of Japan (*Kaisha Kosei Ho*) (the "JRA"). In connection with commencement of the Japan Proceeding, the Tokyo District Court appointed the Foreign Representative and ETIC as trustees (collectively, the "Trustees") in the Japan Proceeding, with full authority to administer the Debtors' assets and, ultimately, formulate a plan of reorganization.

5. On February 17, 2010, the Court entered the Recognition Order pursuant to which the Japan Proceeding was recognized as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code and the Foreign Representative as authorized to administer the Debtors' United States assets.

6. The Recognition Order ensured that orders entered in the Japan Proceeding would be recognized by the Court and given full effect in the United States. *See* Recognition Order ¶ 2 ("Upon entry of [the Recognition Order] . . . the Japan Proceeding shall be given its full force and effect . . . .").

7. On August 31, 2010, the Debtors filed the plan of reorganization (the "JAL Plan") in the Tokyo District Court. On the same day, the Tokyo District Court submitted the JAL Plan to the Debtors' creditors for voting purposes. Creditors were able to consider the JAL Plan from September 10, 2010 through November 19, 2010. On November 22, 2010, the Debtors announced that 96% of creditors had voted to approve the JAL Plan, notwithstanding elimination of approximately ¥520 billion ($5.95 billion) in debt. Notably, the JAL Plan also provides the Debtors with exit financing to fund distributions and going forward operations. In particular, the Debtors will receive financing from ETIC in the amount of ¥350 billion ($4.11 billion), a measure that may not have been possible without the substantial progress achieved by the Debtors and the Foreign Representative in the course of the Japan Proceeding.

8. On November 30, 2010, the Tokyo District Court granted its final approval of the JAL Plan, entering a confirmation order (the "JAL Confirmation Order") and enabling the Debtors to overcome the final obstacle to returning their businesses to profitability.

**Relief Requested**

9. By this Motion, the Foreign Representative seeks entry of an order closing the Chapter 15 Cases, without prejudice to the Foreign Representative's or the Debtors' ability to seek to reopen the Chapter 15 cases at a later time should the need to reopen such cases arise.

**Basis for Relief**

10. As of the date hereof, the Debtors and the Foreign Representative have resolved substantially all of the disputed claims in the Japan Proceeding, and the Foreign Representative has fulfilled the purposes of his appearance before the Court.

11. Attached as **Exhibit B** hereto, the Foreign Representative has filed a final status report (the "Final Report") pursuant to Bankruptcy Rule 5009(c), describing the nature and results of the Debtors' activities before this Court and the status of the Japan Proceeding. Pursuant to Bankruptcy Rule 5009, the Foreign Representative has provided the Office of the United States Trustee for the Southern District of New York and all parties receiving notice of this Motion with a copy of the Final Report, and submits that no other parties must be given notice of the Final Report. In conjunction therewith, the Foreign Representative has filed the *Certification Regarding Filing and Service of Chapter 15 Case Closing Motion and Final Status Report* ("Certification of Service") alerting parties in interest that they have until October 16, 2013 to object to the closure of the Chapter 15 Cases. In the event there are no objections filed or received by the Foreign Representative, Bankruptcy Rule 5009 provides that the Chapter 15 Cases shall be presumed fully administered.

4

12. The Foreign Representative has filed this Motion seeking entry of the Closing Order, closing the Chapter 15 Cases. Pursuant to Bankruptcy Rule 5009, and as described above, closure of the Chapter 15 Cases is conditioned upon the filing of a certification (the "Certification of No Objection") indicating that no objections were received in response to the Final Report, or that any such objections were resolved by the Foreign Representative and the applicable objecting party.

13. The Foreign Representative intends to file the Certification of No Objection at least thirty days after the Final Report is filed and served on those parties in interest as required by Bankruptcy Rule 5009, and at that time will request entry of the Closing Order.

14. Section 350(a) of the Bankruptcy Code, which applies in chapter 15 proceedings by virtue of section 1517(d) of the Bankruptcy Code, provides that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case." Upon the filing of the Certification of No Objection and barring any objections to the Motion, the Chapter 15 Cases will be presumed fully administered pursuant to Bankruptcy Rule 5009(c). Thus, the Foreign Representative submits that the Chapter 15 Cases should be closed at that time.

## Notice

15. The Foreign Representative has provided notice of this Motion to: (a) the Office of the United States Trustee; (b) all parties to litigation currently pending in the United States in which the Debtor is a party; and (c) all parties that have filed an appearance and request for service of filings in these cases pursuant to Bankruptcy Rule 2002. In light of the relief requested, the Foreign Representative submits that no further notice is necessary.

WHEREFORE, the Foreign Representative respectfully requests that this Court (a) upon the filing of the Certification of No Objection, enter the Closing Order attached hereto as **Exhibit A**, closing the Chapter 15 Cases and (b) grant such other and further relief as is just and appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated:  September 16, 2013 | /s/ *Ryan Blaine Bennett*<br>James H.M. Sprayregen, P.C,<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:    (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>- and -<br><br>Ryan Blaine Bennett (admitted *pro hac vice*)<br>Paul Wierbicki (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:    (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>Counsel to the Foreign Representative |